FILED

2007 Oct-12  PM 06:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
<u>SOUTHERN DIVISION</u>

JOHN DOE,

       Plaintiff,

v.                                                    CIVIL ACTION NO.
        2:07-CV-0842-RDP

The UNITED STATES AIR FORCE,
*et al.*,

       Defendants.

## <u>DEFENDANTS' MOTION TO DISMISS, OR ALTERNATIVELY, FOR  SUMMARY JUDGMENT</u>

Come now all of the named defendants herein, to-wit: the United States Air Force; the Secretary of Defense; the Secretary of the Air Force; the Chairman of the Joint Chiefs of Staff; the Air Force Chief of Staff; Commander of U.S. Air Force Executive Office of Intelligence; Commander of Air Reserve Personnel Center; Commander of U.S. European Command; and Chief of Personnel for the U. S. Air Force Intelligence;  by and through counsel, Alice H. Martin, United States Attorney for the Northern District of Alabama, and, pursuant to FED.R.CIV.P.12(b)(1) and (6), or, alternatively, pursuant to FED.R.CIV.P.56,  move for the dismissal of Plaintiff's complaint in its entirety.  The grounds for this motion are as follows:

1.   The plaintiff is a former Ready Reservist in the United States Air Force

Dockets.Justia.com

Reserve (USAFR).  The plaintiff makes claims against the United States Air Force and the named individual federal civilian and military officers, in their official capacities, contending, *inter alia*, that the defendants breached the plaintiff's enlistment contract by not utilizing him as an Intelligence Analyst (plaintiff's complaint, counts 1 and 2).  He further contends he was discharged from the military without the benefit of a Board Hearing under Air Force Instruction (AFI) 36-3208 (giving rise to counts 3-7; Due Process).  Finally, Plaintiff claims the United States Air Force falsely imprisoned him(counts 8 and 9), stole his liberty (defamation, count 10), held him in involuntary servitude (count 11), and failed to correct his military records (count 12).

2.  Counts 1 and 2 of the plaintiff's complaint are due to be dismissed for lack of subject matter jurisdiction because the plaintiff seeks monetary damages in excess of $10,000 in both counts.  28 U.S.C. § 1346 (a)(2).   Rule 12(b)(1), F. R. Civ. P.

3.  To the extent the plaintiff is seeking money damages for breach of an enlistment agreement in Counts 1 through 7, the claims must be dismissed for lack of subject matter jurisdiction because there has been no waiver of sovereign immunity with regard to such claims.   Rule 12(b)(1), F. R. Civ. P.

4.  The plaintiff can not prove that the enlistment agreement was breached by the defendants.  Further, the plaintiff was not involuntarily discharged from the

2

United States Air Force Reserve as he claims.  Instead, he remained on active duty in the United States Air Force until his term of enlistment expired last month, September, 2007, approximately four months after plaintiff's complaint was filed herein.  Therefore, the plaintiff can not state a claim upon which relief may be granted with regard to Counts 1 through 7.  Rule 12(b)(6) & Rule 56, F. R. Civ. P.

5.   Counts 8, 9, and 10 are due to be dismissed for lack of subject matter jurisdiction because the plaintiff can not establish a waiver of sovereign immunity with regard to the intentional torts of false imprisonment, slander, or defamation. Furthermore, assuming *arguendo* that a waiver of sovereign immunity exists with regard to these claims, the plaintiff has failed to exhaust his administrative remedies under the Federal Tort Claims Act, a prerequisite to this court's jurisdiction.  28 USC § 2680(a) & (h).  Rule 12(b)(1), F. R. Civ. P.

6.   To the extent that the plaintiff is alleging a constitutional tort claim anywhere in his complaint, any such claims are due to be dismissed for lack of subject matter jurisdiction and/or for failure to state a claim in light of the intramilitary immunity or Feres doctrine because any alleged tortious conduct or constitutional harm could have only occurred incident to the plaintiff's military service.   Rule 12(b)(1), (b)(6) & Rule 56, F. R. Civ. P.

7.  Count 11 is due to be dismissed for lack of subject matter jurisdiction and/or

for failure to state a claim in light of the intramilitary immunity or <u>Feres</u> doctrine because the plaintiff can not prove that he was called to active duty other than under the terms of his voluntary enlistment contract.  Furthermore, any alleged harm or wrongdoing occurred only incident to the plaintiff's military service.  Rule 12(b)(1), (b)(6) & Rule 56, F. R. Civ. P.

8.    With regard to Count 12, the plaintiff has failed to exhaust his administrative remedies, a prerequisite to this court's judicial review of any claims presented to the Air Force Board for the Correction of Military Records (AFBCMR). The record clearly shows the AFBCMR requested further information from the plaintiff (regarding count 12) and did not deny this claim on its face.    Plaintiff can not show that he submitted the requested information.  Therefore, the plaintiff has not exhausted his administrative remedies regarding count 12, and the Court lacks subject matter jurisdiction to review this claim.  <u>Perez-Perez v. Hanberry</u>, 781 F.2d 1477, 1479 (11th Cir. 1986);  Rule 12(b)(1), F. R. Civ. P.

9.  This motion is supported by the plaintiff's complaint.  Furthermore, this motion is supported by a supporting memorandum of law and submission of evidence, both of which were separately-filed UNDER SEAL with the Clerk of the

Court.[1]

WHEREFORE, the defendants respectfully move the Court for an order dismissing the plaintiff's complaint in its entirety pursuant to Rule 12(b)(1) & (b)(6), or alternatively, Rule 56 of the Federal Rules of Civil Procedure.

Respectfully submitted this 12th day of October, 2007.

Alice H. Martin
United States Attorney


**s/ Edward Q. Ragland**
EDWARD Q. RAGLAND
Assistant United States Attorney
Bar Number: ASB-7291-G69E
Attorney for Defendant
1801 Fourth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 244-2109
Fax: (205) 244-2181
Email: ed.ragland@usdoj.gov

---

[1] The plaintiff has requested that this court "protect" him and allow him to proceed anonymously. By correspondence dated August 16, 2007, counsel for the plaintiff revealed the plaintiff's identity to counsel for the defendants. The defendants needed to know the identity of the plaintiff in order to be able to defend this litigation. The defendants' supporting memorandum and submission of evidence were separately-filed with the Clerk of the Court "under seal" on this date because both filed documents contain information revealing the identity of the plaintiff. The defendants submit that allowing the plaintiff to proceed anonymously in this litigation does not serve the interests of justice. By separate motion, the defendants will move this court for an order requiring Plaintiff to proceed in this litigation without the cloak of anonymity and for a further order requiring the Clerk to unseal the defendants' supporting memorandum and submission of evidence .

Of Counsel for the Defendant:

CAPTAIN JASON S. OSBORNE
Air Force Legal Services Agency
General Litigation Division
1501 Wilson Blvd., 6th Floor
Arlington, VA  22209-2403
(703) 696-9031


## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2007, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system which will send notification of

such filing to the following:

**James R Bosarge, Jr, Esq.**


/s Edward Q. Ragland
Edward Q. Ragland
Assistant United States Attorney